## Michael Byrne *v*. The City of Chicago,

### and

## Patrick Byrne *v*. Same.

Canal—*company not required to draw off water periodically for inspection of bed.* A canal company is not required to have the water drawn off periodically, in order that the bed of the canal may be inspected; and if, after the bed of the canal is cleaned out, a rock is deposited there, by reason of a "slide" from some point near the slope of the land, the company will not be liable for damage done to boats thereby.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Messrs. Rae & Mitchell, for the appellant.

Messrs. Tuley, Stiles & Lewis, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

The canal boat "Rosa Belle" was loaded at LaSalle on the 18th of September, 1871, with a cargo of 6200 bushels of corn, owned by Michael Byrne, for the Chicago market. The boat and apparatus were owned by Patrick Byrne.

When on her voyage, having reached the "Summit division," on the 23d of September, 1871, she struck a rock laying in the bottom of the canal, injured and sunk, and the boat and cargo lost. This action was brought for the value of the cargo, the plaintiff averring that the defendant, in widening and deepening the canal, had done the work negligently and carelessly at the point where the accident occurred.

At the same time, an action was brought by Patrick Byrne, the owner, for the value of the boat, relying on the same allegations and proofs as in Michael Byrne's case.

By agreement, both causes were tried as one by the court, without a jury.

The court found for the defendant, and gave judgment against the plaintiff, in each case, for the city.

To reverse this judgment the records are brought here by appeal, and this finding is the error assigned, appellant insisting the verdict is contrary to the law and the evidence.

That the boat was a total loss, and the cargo nearly so, and by a rock in the bed of the canal, is not disputed. The only question is, was the rock there by the negligence and carelessness of the defendant.

On this point, much testimony was heard on both sides. The theory sought to be established by the plaintiff was, that the contractor on this section of the canal, employed by the city, had carelessly left the rock there; and by the defendant, that the rock or stone doing the damage was, after the work was completed by the city, precipitated from some point near the slope of the canal by a "slide."

There is evidence to sustain either theory, and the court trying the cause would have been warranted in finding either to be true. There is no decided preponderance the one way or the other. We, therefore, can not disturb the finding.

It is in proof, "slides" frequently occurred, and this rock may have been deposited by that agency after the bed of the canal had been cleaned out in the preceding June. If so, no negligence can well be imputed to the city, as it would be unreasonable to require the water to be drawn off periodically, that the bed may be inspected.

We perceive nothing in the record of the testimony justifying the interference of this court, and the judgment must be affirmed.

*Judgment affirmed.*